IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALLIED CENTER FOR SPECIAL SURGERY, AUSTIN, LLC; ALLIED CENTER FOR SPECIAL SURGERY, DFW, LLC; ALLIED CENTER FOR SPECIAL SURGERY, SAN ANTONIO, LLC; ALLIED CENTER FOR SPECIAL SURGERY, LAS VEGAS, LLC; and ALLIED CENTER FOR SPECIAL SURGERY, SCOTTSDALE, LLC, <br><br> Plaintiffs, <br><br> vs. <br><br> AETNA HEALTH INC. and AETNA LIFE INSURANCE COMPANY, <br><br> Defendants. | § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 4:15-cv-2752 |

## PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiffs ALLIED CENTER FOR SPECIAL SURGERY, AUSTIN, LLC, ALLIED CENTER FOR SPECIAL SURGERY, DFW, LLC, ALLIED CENTER FOR SPECIAL SURGERY, SAN ANTONIO, LLC, ALLIED CENTER FOR SPECIAL SURGERY, LAS VEGAS, LLC, and ALLIED CENTER FOR SPECIAL SURGERY, SCOTTSDALE, LLC (collectively, "Plaintiffs"), file this Response to Defendants Aetna Health Inc. and Aetna Life Insurance Company' (hereinafter collectively "Aetna") Motion to Dismiss Plaintiffs' State Law Claims.

Respectfully submitted,

By: /s/ Lynne Sassi
    LYNNE SASSI
    State Bar No. 24041868
    SULLINS, JOHNSTON, ROHRBACH
    & MAGERS
    3200 Southwest Freeway, Suite 2200
    Houston, Texas 77027
    Telephone: (713) 521-0221
    Facsimile: (713) 521-3242
    Email: lsassi@sjrm.com

    **ATTORNEY-IN-CHARGE FOR PLAINTIFFS**

OF COUNSEL:

SULLINS, JOHNSTON, ROHRBACH & MAGERS
CHRISTOPHER SASSI
State Bar No. 24093107
3200 Southwest Freeway, Suite 2200
Houston, Texas 77027
Telephone: (713) 521-0221
Facsimile: (713) 521-3242
Email: csassi@sjrm.com

# TABLE OF CONTENTS

I. INTRODUCTION ..........................................................................................................1

II. FACTS ALLEGED IN PLAINTIFFS' ORIGINAL COMPLAINT............................1

III. STANDARD OF REVIEW............................................................................................3

IV. ARGUMENTS AND AUTHORITIES ........................................................................4

    A. Aetna's Assertion that the Hospital's Claims are Barred by the Applicable Statute of Limitations is Erroneous and Should Not be Considered Grounds for Dismissal at this Stage in the Proceedings. ................4

    B. ERISA Preemption is Not Properly at Issue at this Stage in the Proceedings..........................................................................................................5

    C. Even if ERISA Preemption was at Issue, Aetna's Assertion that Plaintiffs' State Law Claims are Preempted by ERISA is Inaccurate, Given the Types of State Law Claims Asserted. ......................................................6

        1. ERISA Preemption of Negligence and Negligent Misrepresentation ..............................................................................6

        2. ERISA Preemption of Promissory Estoppel ................................8

        3. ERISA Preemption of Insurance Code and Administrative Code Violations ...............................................................................9

    D. Aetna's Contention that Express Contracts Govern Reimbursement of the Medical Claims is Conclusory and Inaccurate. ...................................10

    E. Plaintiffs have Sufficiently Alleged Facts to Support its Causes of Action. ...................................................................................................................12

V. CONCLUSION ............................................................................................................13

# TABLE OF AUTHORITIES

**Cases**

*Access Mediquip L.L.C. v. UnitedHealthcare Ins. Co.*, 662 F.3d 376, 383 (5th Cir. 2011)6, 8, 9, 10

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1950 (2009) ................................................. 3, 12

*Ayers v. Aurora Loan Services, LLC, et al*, 787 F. Supp. 2d 451, 453 (E.D. Tex. 2011) ................ 3

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007) ...................................... 4, 12

*Cade v. BAC Home Loans Servicing, LP*, 2011 U.S. Dist. LEXIS 65045 at *5 (S.D. Tex. 2011) .4

*Erickson v. Pardus*, 551 U.S. 89, 94 127 S. Ct. 2197, 2200 (2007) ............................................... 12

*Kennedy Krieger Inst., Inc. et al v. Brundage Mgmt. Co., Inc. Employee Benefit Plan, et al*, 2015 U.S. Dist. LEXIS 97202, at *10 (W.D. Tex. July 27, 2015) ............................................... 6, 8, 9

*Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) ................................................. 3

*Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 725 (5th Cir. 2011) ........................ 4

*Mem'l Hermann Hosp. Sys. v. UnitedHealthcare Ins. Co*, 2012 U.S. Dist. LEXIS 3584, at *11 (S.D. Tex. 2012) ............................................................................................................................. 7

*Memorial Hermann Hosp. Sys. v. Northbrook Life Ins. Co.*, 904 F.2d 236, 246 (5th Cir. 1990) ..7

*Tex. Ctr. for Obesity Surgery, P.L.L.C. v. UnitedHealthcare of Tex. Inc.*, 2014 U.S. Dist. LEXIS 24996, at *14-15 (N.D. Tex. 2014) ............................................................................................... 7

*Transitional Hospitals Corp. v. Blue Cross*, 164 F.3d 952, 955 (5th Cir. 1999) ........................ 10

**Rules**

Fed. R. Civ. P. 12(b)(6) ................................................................................................................... 3

Fed. R. Civ. P. 8(a) ....................................................................................................................... 12

# PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' STATE LAW CLAIMS

## I. INTRODUCTION

1. Aetna has not shown sufficient cause to support its Rule 12(b)(6) Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), because Plaintiffs have asserted sufficient facts to put Aetna on notice of the nature of the claims against them, and Plaintiffs have plausibly stated viable claims against Aetna which allows the Court to draw a reasonable inference that Aetna is liable for the misconduct alleged, i.e., when the Court considers Plaintiffs' claims in a light most favorable to Plaintiffs and all facts alleged in Plaintiffs' Complaint are taken as true. Plaintiffs have alleged sufficient facts to support their causes of action. Additionally, Aetna's grounds for dismissal rest largely on contentions that are not timely at this stage of the proceeding. No discovery has been conducted in this matter; indeed, the Court has not even yet conducted the initial scheduling conference. Aetna argues that applicable statutes of limitation bar Plaintiffs' claim; however this argument is premature and should not be sufficient grounds for dismissal as it is more properly raised as an affirmative defense. Finally, Plaintiffs would show that ERISA preemption is inapplicable to Plaintiffs' claims, and in any event, is also premature at this stage of the proceedings. Accordingly, Aetna's Motion to Dismiss Plaintiffs' state law claims should be denied in all respects.

## II. FACTS ALLEGED IN PLAINTIFFS' ORIGINAL COMPLAINT

2. Plaintiffs were medical treatment facilities operating through the State of Texas and in the states of Nevada and Arizona. Plaintiffs provided medical care and treatment to citizens of these states in which the facilities were located. The services were generally related to surgical intervention for the treatment of hand, foot, and ankle conditions. The medical care

and treatment at issue in this lawsuit began back in 2006. The services rendered by Plaintiffs were for individuals insured by Aetna, i.e., members of Aetna.

3.  At all relevant times that Plaintiffs provided treatment to Aetna's members, none of the facilities were under a contract with Aetna—they were not considered "preferred," or "participating" facilities, and the medical services and treatment provided to Aetna's members was considered "out-of-network."

4.  Aetna sets its reimbursement rates for submitted claims based on whether a provider is preferred or participating. Generally, a patient receiving services from a non-contracted, out-of-network facility receives lower reimbursement, based on Aetna's lower percentage levels, than if the same patient were to receive services from a preferred or contracted facility. Additionally, a patient seeking services from a non-contracted facility will generally have greater out-of-pocket expenses, including higher co—pays and deductibles. Insurers like Aetna justify this practice by trying to steer their members to contracted facilities, with the contention that this keeps out-of-pocket costs lower for their members. For non-contracted facilities, reimbursement is paid on claims based upon an "allowed amount." This allowed amount is unilaterally determined by Aetna, and is not defined in any insurance plan offered by Aetna.

5.  As is standard procedure throughout the healthcare and healthcare insurance industries, Plaintiffs would identify from the members' insurance cards the Aetna entity that needed to be contacted to verify benefits and authorize treatment, where necessary. On or before the date an Aetna member was to receive medical care and treatment, Plaintiffs contacted Aetna to "verify" the patient's active coverage, the level of benefits at which reimbursement would be made, receive pre-authorization and/or pre-certification if required, and received expectations of

payment from Aetna for the services provided. These representations of coverage, verification, pre-authorization, and payment expectations were made by authorized agents and representatives of Aetna. Upon receiving the verifications and information necessary to undertake treatment of Aetna's members, Plaintiffs provided the medical services to them.

6. After providing treatment, Plaintiffs submitted electronic and in some cases paper claims for reimbursement to Aetna. When Aetna remitted payment to the facility that had submitted the bill, it did so at the previously described allowed amount. Aetna does not reveal the rates of the allowed reimbursement when facilities like Plaintiffs contact Aetna to obtain verification prior to rendering treatment. The benefit determinations made by Aetna were unreasonably low for the services provided, having been made using the unilaterally determined allowed amount. The allowed amount paid by Aetna was typically no more than thirty percent (30%) of billed charges. The underpayments and non-payments resulting from Aetna's benefit determinations comprise the amounts Plaintiffs seek in damages from Aetna.

### III.  **STANDARD OF REVIEW**

7. Rule 12(b)(6) motions to dismiss carry a high burden. Rule 12(b)(6) provides defenses to claims for relief on which no relief can be granted. Fed. R. Civ. P. 12(b)(6). However, "[m]otions to dismiss for failure to state a claim are viewed with disfavor, and are rarely granted." *Ayers v. Aurora Loan Services, LLC, et al*, 787 F. Supp. 2d 451, 453 (E.D. Tex. 2011) (quoting *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (internal quotations omitted)). A two-pronged approach is utilized: the court first "identifies and excludes legal conclusions that 'are not entitled to the assumption of truth.'" *Ayers*, 787 F. Supp. 2d at 453 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1950 (2009)). Then, "the Court must consider whether Plaintiffs have pleaded 'enough facts to state a claim to relief that is

3

plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007)). A claim is "plausible" if a plaintiff has pled "facts sufficient to allow the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Cade v. BAC Home Loans Servicing, LP*, 2011 U.S. Dist. LEXIS 65045 at *5 (S.D. Tex. 2011) (internal citations and quotations omitted).

8. In considering a 12(b)(6) motion to dismiss, the court must examine a plaintiff's complaint in a light most favorable to the plaintiff, and take all well-pled facts contained therein as true. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 725 (5th Cir. 2011) (internal citations and quotations omitted). The only relevant question for the Court in this regard is whether Plaintiffs have stated sufficient facts upon which to rest its claims. The applicable standard must be construed in favor of Plaintiffs. Because Plaintiffs have asserted sufficient facts to put Aetna on notice of the nature of the claims against it, and Plaintiffs have pled claims that are plausible on their face against Aetna, Aetna's Motion to Dismiss pursuant to 12(b)(6) should be denied.

### IV. ARGUMENTS AND AUTHORITIES

**A. Aetna's Assertion that the Hospitals' Claims are Barred by the Applicable Statute of Limitations is Erroneous and Should Not be Considered Grounds for Dismissal at this Stage in the Proceedings.**

9. Aetna argues that for some of Plaintiffs' state law claims, the applicable statute of limitations bar it from seeking recovery. (Dkt. 10, p. 15). However, for many of the claims at issue, Plaintiffs had either attempted to initiate the appeals process or was prevented by Aetna from initiating the appeals process. While Plaintiffs are engaged in the appeals process, the statute of limitations is tolled. In some circumstances, where the appeals process is initiated,

Aetna is required by law to provide relevant documents related to the appeal when requested. In many instances, Aetna did not provide Plaintiffs with the requested documents, thus prohibiting Plaintiffs from initiating a proper appeal.

10. In any event, Aetna's statute of limitations assertion again functions more as an affirmative defense than as a ground for complete dismissal. Plaintiffs must be afforded the benefit of proper discovery to determine the nature and extent of the claims, and correspondence exchanged between the parties regarding the appeals process, to determine fully the nature of the claims at issue. Without more, Aetna's statute of limitations defense cannot be properly litigated at this "motion to dismiss" stage, and this defense should not be a sufficient basis to dismiss Plaintiffs' claims.

**B.    ERISA Preemption is Not Properly at Issue at this Stage in the Proceedings.**

11. Aetna argues that Plaintiffs' claims for violations of Texas state statute, and promissory estoppel are claims for individual reimbursement under health plans subject to the Employee Retirement Income and Security Act of 1974 ("ERISA"). Aetna couches this preemption assertion on the basis that all of Plaintiffs' state law claims "relate to" ERISA plans, and are therefore preempted by ERISA. As a preliminary matter, Aetna's argument is premature, as Aetna has not produced a single plan reflecting ERISA governance, or otherwise named an ERISA plan that might predicate preemption of Plaintiffs' claims. Aetna's preemption argument is better suited, and indeed framed as, a potential affirmative defense. Plaintiffs' Original Complaint alleges a cause of action for a claim for plan benefits pursuant to ERISA § 502(a)(1)(B). However, this does not preclude Plaintiffs from also alleging state law causes of action. Without the benefit of proper discovery, Plaintiffs are largely unaware if any of the

claims at issue implicate ERISA, and Aetna's ERISA preemption argument is premature and improper at this stage.

**C. Even if ERISA Preemption was at Issue, Aetna's Assertion that Plaintiffs' State Law Claims are Preempted by ERISA is Inaccurate, Given the Types of State Law Claims Asserted.**

12. Aetna argues that Plaintiffs' state law claims are preempted under ERISA because the state law claims relate to the terms of ERISA plans; and because the state law claims cannot be characterized as claims for obligations "independent" of the plan documents and terms. Without waiving Plaintiffs' argument that Aetna's raising of ERISA preemption is premature, Plaintiffs argue that their state law claims are not preempted because they are of a type that *does* implicate duties and obligations independent of any alleged ERISA plan that may be at issue. Plaintiffs now address ERISA preemption implications for each of its state law claims (negligence and negligent misrepresentation, promissory estoppel, and Texas state statutory violations), and treats each in turn.

    **1. ERISA Preemption of Negligence and Negligent Misrepresentation**

13. The Fifth Circuit has made its stance on preemption of negligence and negligent misrepresentation claims, which are state law claims, quite clear. State law claims are preempted if they are dependent on and derived from rights of plan beneficiaries to recover benefits under a plan's terms. *Kennedy Krieger Inst., Inc. et al v. Brundage Mgmt. Co., Inc. Employee Benefit Plan, et al*, 2015 U.S. Dist. LEXIS 97202, at *10 (W.D. Tex. July 27, 2015) (citing *Access Mediquip L.L.C. v. UnitedHealthcare Ins. Co.*, 662 F.3d 376, 383 (5th Cir. 2011)[1]). State law

---

[1] *Vacated and reh'g granted by*, 678 F.3d 940, *reinstated on reh'g by*, 2012 U.S. App. LEXIS 20809 (2012) (en banc), *cert. denied*, 133 S. Ct. 1467, L. Ed. 2d 364 (2013).

claims do not face preemption, however, "when based on alleged misrepresentations by a plan fiduciary to third-party service providers regarding whether or to the extent to which a beneficiary is covered by the plan." *Id.* (citing *Access Mediquip*, 662 F.3d at 384).[2] The progeny of cases in the Fifth Circuit, led by *Access Mediquip*, establish that negligence and negligent misrepresentation claims are not dependent on plan terms, but rather on independent representations made by insurers to third-party providers, and do not face preemption. *See Access Mediquip*, 662 F.3d at 385; *see also Mem'l Hermann Hosp. Sys. v. UnitedHealthcare Ins. Co*, 2012 U.S. Dist. LEXIS 3584, at *11 (S.D. Tex. 2012). If the cause of action for negligence and negligent misrepresentation is not reliant on plan terms, it cannot be preempted under ERISA. The claim is not one about interpretation of any alleged ERISA plan, but is instead about affirmative representations made during the insurance verification process. *See Tex. Ctr. for Obesity Surgery, P.L.L.C. v. UnitedHealthcare of Tex. Inc.*, 2014 U.S. Dist. LEXIS 24996, at *14-15 (N.D. Tex. 2014).

14. Plaintiffs' pleadings make clear that its cause of action for negligence and negligent misrepresentation do not depend or require consultation of any alleged ERISA plan terminology. Indeed, as made clear in Plaintiffs' Original Complaint, this claim revolves around the insurance verification calls made by Plaintiffs to Aetna prior to rendering service to Aetna patients. These representations are wholly independent of any ERISA plan language, and the claim for negligence and negligent misrepresentation is not at all reliant on any such language.

---

[2] The Fifth Circuit's test for determining ERISA preemption of state law claims puts the burden on defendants pleading preemption to show "(1) the state law claims address an area of exclusive federal concern, such as the right to receive benefits under terms of an ERISA plan; and (2) the claims directly affect the relationships among traditional ERISA entities—the employer, the plan and its fiduciaries, and the participants and beneficiaries." *Id.* (quoting *Memorial Hermann Hosp. Sys. v. Northbrook Life Ins. Co.*, 904 F.2d 236, 246 (5th Cir. 1990).

Aetna must know and be aware that when Plaintiffs contact Aetna to verify its members' existence of coverage and levels of available benefits, that it is doing so to make decisions regarding provision of treatment to Aetna's members. This measure of reliance made by Plaintiffs on Aetna's representations is done wholly independent of the terms of any ERISA plans—it is a separate duty for representatives of Aetna to accurately convey information about its members' insurance coverage and benefits at the time of verification. ERISA preemption of this claim is wholly inapplicable and inappropriate.

2.  **ERISA Preemption of Promissory Estoppel**

15. Promissory estoppel, as a state law claim, faces the same inquiry that negligence and negligent misrepresentation faces under ERISA. *Access Mediquip* again controls. The third party provider in *Access Mediquip* alleged, in addition to state law claims for negligent misrepresentation and Texas Insurance Code violations, among other state law claims, a cause of action for promissory estoppel. *Access Mediquip*, 662 F.3d at 377. The Court found the promissory estoppel claim to be premised on the same facts as the negligent misrepresentation and statutory violation claims, i.e., that treatment was provided to the insurer's members in reliance on representations made by the insurer concerning payment for those services. *Id.* at 380. Because these "misrepresentation" claims did not depend on the rights of plan beneficiaries, and required no reference to terms of any alleged ERISA plans, the merits of the claims could be determined on those merits alone. *Id.* at 385. This analysis was followed in *Kennedy Krieger*, 2015 U.S. Dist. LEXIS 97202 (W.D. Tex. July 27, 2015), a recent decision from the Western District of Texas. There, the plaintiff providers' promissory estoppel claim was held not preempted under ERISA § 1144(a), because such a state law claim was dependent

only on the representations of the defendants, not any terms of alleged ERISA plans. *Id.* at *12-13.

16. On its face, Plaintiffs' claim for promissory estoppel is not premised on the terms of any alleged ERISA plans. As in *Access Mediquip* and *Kennedy Krieger*, Plaintiffs' promissory estoppel claim is premised upon the representations made by Aetna, which are independent of any alleged ERISA plan language. Based on the insurance verification calls, wherein Plaintiffs had notified Aetna that 1) a member of Aetna was seeking treatment from one of Plaintiffs' facilities and 2) the purpose of that call was to obtain information regarding the member's insurance coverage and level of benefits available for reimbursement, it is reasonable for Plaintiffs to conclude that Aetna was on notice that Plaintiffs expected to be paid fairly for the services provided to Aetna's members. Plaintiffs thereafter actually did in fact rely on those representations and expectations of reimbursement in providing treatment to Aetna's members. ERISA preemption is therefore again inapplicable with regard to this claim.

### 3. ERISA Preemption of Insurance Code and Administrative Code Violations

17. Plaintiffs' claims for violations of the Texas Insurance and Administrative Codes stem from the representations discussed herein, made by Aetna, concerning Aetna members' insurance coverage and available levels of benefits for treatment. The Fifth Circuit, again in *Access Mediquip*, has determined that such claims stem from the representations made by the insurer, and unless expressly relied on by the plaintiff, do not concern the terms of ERISA plans. Under *Access Mediquip*, a claim is based solely on a misrepresentation about coverage terms, it is independent of ERISA and cannot be preempted. *Access Mediquip*, 622 F.3d at 385, 387. The misrepresentations made by Aetna are not derivative of any plan language relied upon by either party, but are brought by Plaintiffs as actionable under the Texas Insurance and

Administrative Codes. The Fifth Circuit, in *Access Mediquip*, made clear that where such misrepresentation claims are not dependent on rights under an ERISA plan they cannot be preempted. *Id.* at 383.[3]

18. The same must be said of the Hospitals' claims here. Nowhere in its claim for statutory violations against Aetna in its Complaint does the Plaintiff allege that the misrepresentations made the basis of said claim are somehow premised on plan language under ERISA benefit plans; nor is said claim premised on a beneficiary's rights afforded by any alleged ERISA benefit plan. Moreover, the fact that Aetna may have had to reference any alleged ERISA plan to explain adverse benefit decisions does not automatically mean the claims are preempted under ERISA. *Tex. Ctr. for Obesity*, 2014 U.S. Dist. LEXIS 24996 at *21-22. "ERISA was not intended to consume everything in its path." *Id.* (citing *Hook v. Morrison Milling Co.*, 38 F.3d 716, 786 (5th Cir. 1994)). The claim simply does not concern ERISA plan terms—it only concerns the misrepresentations made by Aetna and any reliance Aetna may try to shoe-horn in on this statutory violations claim should be irrelevant. ERISA preemption with regard to the Hospitals' claim for Texas statutory violations is again inapplicable.

**D.     Aetna's Contention that Express Contracts Govern Reimbursement of the Medical Claims is Conclusory and Inaccurate.**

---

[3] The *Access Mediquip* decision relied in large part on the Fifth Circuit's decision in *Transitional Hospitals Corp. v. Blue Cross*, 164 F.3d 952, 955 (5th Cir. 1999), which also concerned a provider's claims for negligent misrepresentation and under the Texas Insurance Code. In *Transitional*, the Fifth Circuit held such claims were not preempted because the provider's claims were not dependent on a beneficiary's right to recover under an employee benefit plan. The allegations made by the provider were "[r]ather … 'to the extent that [the beneficiary] is not covered by the Policy as represented by Blue Cross to [provider],' Defendants made misrepresentations actionable under common law and the Texas Insurance Code." *Id.* at 955.

19. Aetna contends that express contracts govern the medical claims at issue and therefore that Plaintiffs are prevented from recovering under a theory of promissory estoppel. (Dkt. 10, p. 11). Plaintiffs agree that the assignments executed by the Aetna members prior to rendering medical care and treatment have the effect of making Plaintiffs the "assignees" of the Aetna members. However, Aetna's argument assumes that the alleged patient benefit plans are valid; as a preliminary matter, Aetna has not produced any of the alleged plans it contends serve as an "express contract covering the services furnished." (Dkt. 11, p. 11). Until evidence of these "express contracts" is proven, Plaintiffs contend that Aetna's motion to dismiss Plaintiffs' promissory estoppel claim on these grounds is premature. Additionally, Plaintiffs' pleading for promissory estoppel in its Original Complaint is not as Aetna characterizes it—Plaintiffs' promissory estoppel claim does not rely, or allege, that the recovery sought under this theory is based upon ERISA plan terms or documents. Aetna cites to Plaintiffs' ERISA claim for benefits, and not to Plaintiffs' promissory estoppel claim.

20. As argued in Plaintiffs' section covering ERISA preemption of state law claims, including promissory estoppel, Plaintiffs' claim here does not implicate any of the terms of alleged ERISA plans. Plaintiffs' promissory estoppel theory instead revolves around the representations and promises of payment made by Aetna during the verification process conducted by Plaintiffs prior to treating Aetna's members. The claim for promissory estoppel does not arise from plan members' rights to recover benefits under the terms of any alleged ERISA plans (and it indeed does not arise from Plaintiffs' assignments received from those members); but rather, it is based on the promises made by Aetna to Plaintiffs that it would pay for its members' services. The promises made by Aetna induced Plaintiffs to provide services to Aetna's members, to their own detriment, because Aetna later reneged on those promises. This

claim is, as stated herein, independent of ERISA under the doctrine of promissory estoppel. Any reference to employee benefit plans made by Aetna in relying upon their argument that express contracts defeat Plaintiffs' claim is therefore misplaced, and Plaintiffs' promissory estoppel claim does not fail as a matter of law.

**E.    Plaintiffs have Sufficiently Alleged Facts to Support its Causes of Action.**

21.    Plaintiffs have pled separate and distinct causes of action under ERISA and for negligent misrepresentation, Texas statutory law violations, and promissory estoppel. Aetna has not shown sufficient cause to support its Rule 12(b)(6) Motion to Dismiss because Plaintiffs have asserted sufficient facts to put Aetna on notice of the nature of the claims against it, and to satisfy the federal notice-pleading standards ("A pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief; and ... a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a)).

22.    In determining whether to grant or deny Aetna's Motion to Dismiss, the Court must assume that every factual allegation set forth in Plaintiffs' Original Complaint is true. *Erickson v. Pardus*, 551 U.S. 89, 94 127 S. Ct. 2197, 2200 (2007) ("[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint."). Therefore, a presupposition must exist that Plaintiffs have legitimate claims, based on the facts pled, for negligent misrepresentation, promissory estoppel, and violations of Texas statutory law. Plaintiffs' pleadings do not offend the notice-pleading standards as articulated under Federal Rule of Civil Procedure 8(a) and in *Twombly* and *Iqbal*; i.e., Plaintiffs' Original Complaint sufficiently states claims for relief that are plausible on their face.

23. As stated herein, Plaintiffs' Original Complaint succinctly states the unlawful acts committed by Aetna, including detrimental reliance by Plaintiffs upon information supplied by Aetna through its agents or representatives that care and treatment of the patients in this suit were reimbursable, and that Plaintiffs expected to be paid for the provision of such medical services based on the representations made by Aetna. In many instances, Aetna granted pre-authorizations to Plaintiffs' facilities for the treatment of patients and materially represented that coverage for such services was in place; and that, upon rendering the medical services, payment would be made to Plaintiffs in accordance with those services. These facts, taken as true, are sufficient to satisfy the federal notice-pleading standards, and therefore Plaintiffs' claims survive Aetna's 12(b)(6) Motion to Dismiss.

## V. CONCLUSION

Wherefore, Plaintiffs Allied Center for Special Surgery, Austin, LLC, Allied Center for Special Surgery, DFW, LLC, Allied Center for Special Surgery, San Antonio, LLC, Allied Center for Special Surgery, Las Vegas, LLC, and Allied Center for Special Surgery, Scottsdale, LLC, respectfully request that Defendants Aetna Health Inc.'s and Aetna Life Insurance Company's Motion to Dismiss State Law Claims Pursuant to Federal Rule of Civil Procedure 12(b)(6) be denied in all respects, and that the Court grant Plaintiffs such other and further relief at law or in equity to which it may be justly entitled.

Respectfully submitted,

By: /s/ Lynne Sassi
LYNNE SASSI
State Bar No. 24041868

**ATTORNEY-IN-CHARGE FOR PLAINTIFFS**

OF COUNSEL:

SULLINS, JOHNSTON, ROHRBACH & MAGERS
CHRISTOPHER SASSI
State Bar No. 24093107
3200 Southwest Freeway, Suite 2200
Houston, Texas 77027
Telephone: (713) 521-0221
Facsimile: (713) 521-3242
Email: csassi@sjrm.com

## CERTIFICATE OF SERVICE

Counsel hereby certifies that on the 16th day of December, 2015, a true and correct copy of the attached **Plaintiffs' Response to Defendants' Motion to Dismiss** was served upon all counsel of record in accordance with Rule 5(d) of the Texas Rules of Civil Procedure:

John B. Shely
Jeffrey D. Migit
M. Katherine Strahan
Andrews Kurth LLP
600 Travis Street, Suite 4200
Houston, Texas 77002
Telephone: (713) 220-4200
Facsimile: (713) 220-4285
Email: jshely@andrewskurth.com
Email: jmigit@andrewskurth.com
Email: kstrahan@andrewskurth.com

/s/ Lynne Sassi
LYNNE SASSI