IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **ALLIED CENTER FOR SPECIAL SURGERY, AUSTIN LLC; ALLIED CENTER FOR SPECIAL SURGERY, DFW, LLC; ALLIED CENTER FOR SPECIAL SURGERY, SAN ANTONIO, LLC; ALLIED CENTER FOR SPECIAL SURGERY, LAS VEGAS, LLC; ALLIED CENTER FOR SPECIAL SURGERY, SCOTTSDALE, LLC, BARRETT FOOT AND ANKLE CENTERS, PHOENIX L.L.C., and ALLIED ORTHOPEDICS & HAND PHOENIX, L. L.C.**§§§§§§§§§§§§§§§§§§§§§ *Plaintiffs*, **v.** **AETNA HEALTH, INC. and AETNA LIFE INSURANCE COMPANY,** *Defendants.* | **CIVIL ACTION NO. 4:15-cv-2752** |

## DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

Defendants Aetna Health Inc. and Aetna Life Insurance Company (collectively "Aetna") file this Answer in response to Plaintiffs' First Amended Complaint (the "Complaint") filed by Allied Center for Special Surgery, Austin LLC; Allied Center for Special Surgery, DFW LLC; Allied Center for Special Surgery, San Antonio LLC; Allied Center for Special Surgery, Las Vegas LLC; Allied Center for Special Surgery, Scottsdale LLC; Barrett Foot and Ankle Centers, Phoenix LLC; and Allied Orthopedics & Hand, Phoenix, LLC ("Plaintiffs").

### I. ANSWER

1. With respect to the allegations in paragraph 1 of the Complaint, based on information and belief, Defendants admit that Allied Center for Special Surgery, Austin LLC

was organized under the laws of the State of Texas, but Defendants otherwise deny the allegations in paragraph 1 of the Complaint.

2. With respect to the allegations in paragraph 2 of the Complaint, based on information and belief, Defendants admit that Allied Center for Special Surgery, DFW LLC was organized under the laws of the State of Texas, but Defendants otherwise deny the allegations in paragraph 2 of the Complaint.

3. With respect to the allegations in paragraph 3 of the Complaint, based on information and belief, Defendants admit that Allied Center for Special Surgery, San Antonio LLC was organized under the laws of the State of Texas, but Defendants otherwise deny the allegations in paragraph 3 of the Complaint.

4. With respect to the allegations in paragraph 4 of the Complaint, based on information and belief, Defendants admit that Allied Center for Special Surgery, Las Vegas LLC was organized under the laws of the State of Texas, but Defendants otherwise deny the allegations in paragraph 4 of the Complaint.

5. With respect to the allegations in paragraph 5 of the Complaint, based on information and belief, Defendants admit that Allied Center for Special Surgery, Scottsdale LLC was organized under the laws of the State of Texas, but Defendants otherwise deny the allegations in paragraph 5 of the Complaint.

6. With respect to the allegations in paragraph 6 of the Complaint, based on information and belief, Defendants admit that Barrett Foot and Ankle Centers, Phoenix LLC was organized under the laws of the State of Arizona, but Defendants otherwise deny the allegations in paragraph 6 of the Complaint.

7.     With respect to the allegations in paragraph 7 of the Complaint, based on information and belief, Defendants admit that Allied Orthopedics & Hand, Phoenix, LLC was organized under the laws of the State of Arizona, but Defendants otherwise deny the allegations in paragraph 7 of the Complaint.

8.     With respect to the allegations in paragraph 8 of the Complaint, Aetna admits that Aetna Health Inc. is a Texas corporation and health maintenance organization and that it has appeared in this action. Aetna otherwise denies the allegations in paragraph 8 of the Complaint.

9.     With respect to the allegations in paragraph 9 of the Complaint, Aetna admits that Aetna Life Insurance Company is a Connecticut corporation with its principal place of business in the State of Connecticut and that it has appeared in this action. Aetna otherwise denies the allegations in paragraph 9 of the Complaint.

10.    Aetna denies the factual allegations in paragraph 10 of the Complaint.

11.    Aetna denies the first and second sentences of paragraph 11 of the Complaint. With respect to the allegations in the third sentence of paragraph 11 of the Complaint, Aetna admits that for the medical claims that form the basis of Plaintiffs' lawsuit, Plaintiffs were not contracted or in-network, but Aetna otherwise denies the broad allegations in the third sentence of paragraph 11 of the Complaint. Aetna denies the allegations in the fourth, fifth, sixth and seventh sentences of paragraph 11 of the Complaint.

12.    Aetna denies the allegations in paragraph 12 of the Complaint.

13.    Aetna denies the allegations in paragraph 13 of the Complaint.

14.    The allegations in paragraph 14 of the Complaint are too overly broad and generalized to specifically admit or deny, and on that basis, Aetna denies all the allegations in paragraph 14 of the Complaint.

15. The allegations in paragraph 15 of the Complaint are too overly broad and generalized to specifically admit or deny, and on that basis, Aetna denies all the allegations in paragraph 15 of the Complaint.

16. Aetna denies the allegations in paragraph 16 of the Complaint.

17. With respect to the allegations in paragraph 17 of the Complaint, Aetna admits that reimbursement for out-of-network coverage and/or benefits is governed by the terms of the various health benefit plans at issue, including, but not necessarily limited to, the usual and customary charges and/or the reasonable and customary charges and/or recognized charges as defined by the terms of the plans, and that the terms of those plans speak for themselves, but Aetna otherwise denies the allegations in paragraph 17 of the Complaint, and specifically denies that all benefit plans at issue in this lawsuit contain identical out-of-network benefit provisions.

18. Aetna denies the allegations in paragraph 18 of the Complaint.

19. With respect to the allegations in the first sentence of paragraph 19 of the Complaint, Aetna admits that Aetna Health Inc. provides group HMO coverage, and that Aetna Life Insurance Company (i) issues group and individual insurance policies for health care coverage, and (ii) contracts to provide third-party claims administrative services for self-funded health benefit plans, including employee welfare benefit plans governed by ERISA, but Aetna otherwise denies the allegations in the first sentence of paragraph 19 of the Complaint. With respect to the allegations in the second sentence of paragraph 19 of the Complaint, Aetna admits that for the medical claims that form the basis of Plaintiffs' lawsuit, Plaintiffs were not contracted or in-network, but Aetna otherwise denies the allegations in the second sentence of paragraph 19 of the Complaint.

20. Aetna denies the allegations in paragraph 20 of the Complaint.

21. Aetna denies the allegations in paragraph 21 of the Complaint.

22. Aetna denies the allegations in paragraph 22 of the Complaint.

23. Aetna denies the allegations in paragraph 23 of the Complaint.

24. Aetna incorporates by reference its responses to paragraphs 1 through 23 of the Complaint.

25. Aetna denies the allegations in paragraph 25 of the Complaint.

26. Aetna denies the allegations in paragraph 26 of the Complaint.

27. Aetna denies the broad allegations in paragraph 27 of the Complaint.

28. Aetna denies the broad allegations in paragraph 28 of the Complaint.

29. Aetna denies the broad allegations in paragraph 29 of the Complaint.

30. Aetna denies the allegations in paragraph 30 of the Complaint.

31. Aetna denies the allegations in paragraph 31 of the Complaint.

32. Aetna incorporates by reference its responses to paragraphs 1 through 31 of the Complaint.

33. Aetna denies the allegations in paragraph 33 of the Complaint.

34. Aetna denies the allegations in paragraph 34 of the Complaint.

35. Aetna denies the allegations in paragraph 35 of the Complaint, including the allegations in the subparagraphs of paragraph 35 of the Complaint.

36. Aetna denies the allegations in paragraph 36 of the Complaint.

37. Aetna incorporates by reference its responses to paragraphs 1 through 36 of the Complaint.

38. Aetna denies the allegations in paragraph 38 of the Complaint.

39. Aetna incorporates by reference its responses to paragraphs 1 through 38 of the Complaint.

40. Aetna denies the allegations in paragraph 40 of the Complaint.

41. Aetna denies the allegations in paragraph 41 of the Complaint.

42. Aetna denies the allegations in paragraph 42 of the Complaint.

43. Aetna denies the allegations in the first sentence of paragraph 43 of the Complaint.  No response to the second sentence of paragraph 43 of the Complaint is required.

44. Aetna denies the allegations in paragraph 44 of the Complaint.

45. Aetna denies the allegations in paragraph 45 of the Complaint.

46. Aetna denies that Plaintiffs are entitled to any of the relief requested in the Prayer of the Complaint, including any relief requested in subparts (a) through (g).

47. All allegations not specifically admitted above are denied.

## II. AFFIRMATIVE DEFENSES

1. Plaintiffs have failed to state a claim for relief against Aetna.

2. Plaintiffs' Complaint asserts state law claims that relate to employee welfare benefit plans governed by ERISA[1] (the "ERISA Plans").  Additionally, or alternatively, the state law claims conflict with ERISA's civil enforcement provisions.  Plaintiffs' state law claims are therefore preempted by ERISA.

3. As Plaintiffs' claims relate to ERISA plans, their remedies for any alleged acts or omissions are limited solely to those afforded by ERISA.

4. Any decisions made by Aetna regarding the Plaintiffs' claims for assigned benefits were not an abuse of discretion.

---

[1] Employee Retirement Income Security Act of 1974, codified at 29 U.S.C. §§ 1001-1461.

5. Any decisions made by Aetna regarding the Plaintiffs' claims for assigned benefits were not arbitrary or capricious.

6. Any benefit determinations by Aetna with respect to the Plaintiffs' claims for benefits were proper and correct under the terms of the various health care plans at issue.

7. Plaintiffs' claims fail to the extent that they failed to submit due proof of loss.

8. The plans do not cover, or they exclude from coverage, charges that exceed the usual, customary, and/or reasonable charges, or the prevailing fees or recognized charges, or the applicable fee schedules, as applicable, under the terms of the respective plans.

9. Additionally, or alternatively, Plaintiffs cannot recover upon their claims to the extent their services were not covered under the plans, including but not limited to, the extent to which the services were not medically necessary, were experimental or investigational, were to treat a pre-existing condition, were not pre-authorized or pre-certified to the extent required by the respective plans and/or were out-of-network where the plan provides no such benefits.

10. Plaintiffs cannot recover for duplicative charges.

11. Plaintiffs cannot recover to the extent the medical claims were not timely submitted or appealed.

12. Plaintiffs' claims fail to the extent they did not have effective assignments of benefits for medical claims.

13. Plaintiffs' claims fail to the extent that Aetna is no longer the administrator of any self-funded plans.

14. Plaintiffs' state law claims fail because there are written health benefit plans and insurance policies that govern this dispute.

15. As to the claims that have been paid, Aetna affirmatively pleads accord and satisfaction.

16. Damages allegedly sustained by Plaintiffs, if any be proved, were caused in whole or in part by the culpable conduct of parties, entities, or instrumentalities over whom Aetna had no right of control and, therefore, the amount of any damages otherwise recoverable against Aetna should be extinguished or reduced in comparative proportion to the culpable conduct of any such parties, entities, or instrumentalities.

17. Plaintiffs failed to perform all conditions necessary to recover in this lawsuit.

18. Plaintiffs' damages, if any be proved, should be reduced by the amount attributable to the Plaintiffs' failure to mitigate damages.

19. Plaintiffs' claims are barred by limitations, including the applicable statutes of limitations, and additionally, or alternatively, contractual limitations.

20. Based on information and belief, Plaintiffs' claims are barred by misrepresentation and/or fraud.

21. Plaintiffs' charges are unreasonable and/or excessive.

22. Based on the number of discrete medical claims over time, Aetna pleads that Plaintiffs' claims fail to the extent that they are barred by plan-term limitations.

23. Plaintiffs' claims are barred by the doctrines of ratification, estoppel, waiver, and laches. Additionally, based on information and belief, Plaintiffs' claims are barred by the doctrine of unclean hands.

24. Plaintiffs' claims are barred to the extent that any facts reveal that the administrative remedies provided for in the plans were not exhausted.

25.     Aetna asserts the defenses of credit, recoupment, and offset with respect to any payments made in error or by mistake to Plaintiffs and/or any overpayments made to Plaintiffs.

26.     Plaintiffs' verification claims under the Texas Insurance Code fail because the statutes do not apply to non-contracted, non-preferred providers, and/or to the extent Aetna was not an "insurer" relative to any medical plans at issue or acted only as a third-party administrator for self-funded plans.

27.     Plaintiffs' statutory claims fail to the extent that there is no private right of action available.

28.     Plaintiffs' claims are barred to the extent Plaintiffs lack standing.

29.     Aetna reserves the right to amend or supplement its affirmative defenses as it obtains additional information through discovery or otherwise.

### III. Prayer

Defendants Aetna Health Inc. and Aetna Life Insurance Company respectfully request that the Court enter judgment that Plaintiffs take nothing, and that Defendants be awarded their costs of court and such other and further relief to which they may be justly entitled.

...

| | |
|---|---|
| OF COUNSEL:<br>ANDREWS KURTH LLP<br>    and<br>JEFFREY D. MIGIT<br>State Bar No. 00794306<br>*jmigit@andrewskurth.com*<br>M. KATHERINE STRAHAN<br>State Bar No. 24013584<br>*kstrahan@andrewskurth.com*<br>Bridget B. Vick<br>State Bar No. 24069444<br>*bvick@andrewskurth.com* | Respectfully submitted,<br><br>By: <u>s/John B. Shely</u><br>     JOHN B. SHELY<br>     State Bar No. 18215300<br>     ANDREWS KURTH LLP<br>     600 Travis, Suite 4200<br>     Houston, Texas 77002<br>     Telephone: (713) 220-4105<br>     Facsimile: (713) 220-4285<br>     *jshely@andrewskurth.com*<br><br>ATTORNEY-IN-CHARGE FOR DEFENDANTS AETNA HEALTH INC. AND AETNA LIFE INSURANCE COMPANY |

## **CERTIFICATE OF SERVICE**

      I hereby certify that on April 6, 2016, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who are known "Filing Users:"

      Ms. Lynne Sassi
      *lsassi@sjrm.com*

      Mr. Christopher Sassi
      *csassi@sjrm.com*

                                        <u>s/John B. Shely</u>
                                        John B. Shely

HOU:3659095.1